PROB 12C
(6/16)

Report Date: August 19, 2020

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Frank Glenn Lambert | Case Number: 0980 2:14CR00170-TOR-1 |
| Address of Offender: | Spokane, Washington 99202 |

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: August 31, 2015

Original Offense:    Sexual Abuse of a Minor, 18 U.S.C. §§ 2243(a) and 1153(a)

| | | |
|---|---|---|
| Original Sentence: | Prison - 24 months<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(June 6, 2019) | Prison - 30 days<br>TSR - 36 months | |
| Revocation Sentence:<br>(September 11, 2019) | Prison - 4 months<br>TSR - 32 months | |
| Asst. U.S. Attorney: | Timothy J. Ohms | Date Supervision Commenced: December 6, 2019 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: August 5, 2022 |

## PETITIONING THE COURT

To issue a **warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number     Nature of Noncompliance

       1    **Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

           **Supporting Evidence**: It is alleged that Mr. Lambert was terminated from his employment on July 21, 2020. He failed to inform the undersigned officer of his alleged termination within 72 hours.

On December 9, 2019, the undersigned officer reviewed all mandatory, standard, and special conditions with Mr. Lambert relative to case number 2:14CR00170-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision.

On August 13, 2020, the undersigned officer learned Mr. Lambert was no longer employed at Ground Guys. On August 18, 2020, the undersigned officer spoke with staff at Ground Guys, and the staff advised Mr. Lambert had lacked dependability. He would leave work early or would not show up at all. Staff advised on July 21, 2020, Mr. Lambert left work early and failed to advise staff he was leaving. He never returned and was ultimately fired.

On August 18, 2020, Mr. Lambert was questioned about his employment, he initially lied to this officer and said he was at work on his lunch break. When confronted about being fired, Mr. Lambert raised his voice and said "it's not a condition of my supervision to be employed." The undersigned officer advised Mr. Lambert that as a condition of his supervision, he is required to communicate with the undersigned officer of any change in employment, which he failed to do.

2  **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Lambert is alleged to have changed his living situation without advanced approval from the undersigned officer, nor did he advise the undersigned officer of any change in residence since approximately August 1, 2020.

On December 9, 2019, the undersigned officer reviewed all mandatory, standard, and special conditions with Mr. Lambert relative to case number 2:14CR00170-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision.

On August 18, 2020, the undersigned officer contacted Mr. Lambert by telephone. When confronted about his living situation, Mr. Lambert first told the undersigned he moved from his address of record "about a week ago," and then changed his answer to about "2 weeks ago." According to collateral information, they informed the undersigned officer that Mr. Lambert moved from the residence approximately 3 weeks prior, or around August 1, 2020. According to Mr. Lambert, he advised he was staying with a family member in Wilbur, Washington. Mr. Lambert neglected to communicate with this officer about his change in address.

3  **Special Condition # 9**: You shall register as a sex offender, according to the laws of the state in which you reside, are employed, or are attending school. You shall provide verification of compliance with this requirement to the supervising officer.

**Supporting Evidence**: It is alleged that Mr. Lambert failed to register his address with the Lincoln County Sheriff's Office since arriving in Wilbur, Washington, on or about August 1, 2020.

Prob12C
**Re: Lambert, Frank Glenn**
**August 19, 2020**
**Page 3**

On December 9, 2019, the undersigned officer reviewed all mandatory, standard, and special conditions with Mr. Lambert relative to case number 2:14CR00170-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision.

On August 18, 2020, Mr. Lambert informed the undersigned officer that he has been living in Wilbur, Washington, with a family member, since departing his listed address in Spokane, Washington, on or about August 1, 2020.

On August 19, 2020, the undersigned officer spoke with staff at the Lincoln County Sheriff's Office. Staff informed the undersigned that Mr. Lambert has not registered an address with their agency, nor has he made any effort to contact them.

| | |
|---|---|
| 4 | **Special Condition #4:** You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing (which may include uranalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm total abstinence from these substances. |

**Supporting Evidence:** On August 18, 2020, Mr. Lambert allegedly consumed methamphetamine.

On December 9, 2019, the undersigned officer reviewed all mandatory, standard, and special conditions with Mr. Lambert relative to case number 2:14CR00170-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision.

On August 18, 2020, the undersigned called Mr. Lambert and directed Mr. Lambert to provide a random urinalysis test at Pioneer Human Services (PHS). He informed the undersigned officer that "he would probably be dirty," and admitted to consuming methamphetamine on or about August 16, 2020.

Mr. Lambert provided a random urinalysis test at PHS on August 18, 2020, as directed. The sample was presumptive positive for methamphetamine. He signed an admission of use form admitting to methamphetamine use on August 16, 2020.

| | |
|---|---|
| 5 | **Special Condition #12:** You must undergo a substance abuse evaluation and if indicated by a license/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay and allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence:** It is alleged Mr. Lambert failed to attend outpatient treatment groups at PHS on June 2, 3, 4, 11, 18, 19, 25, July 9, 15, 16, 30, and August 6, and 13, 2020. According to PHS, Mr. Lambert is in jeopardy of being unsuccessfully discharged from drug and alcohol treatment due to his lack of attendance and participation.

On December 9, 2019, the undersigned officer reviewed all mandatory, standard, and special conditions with Mr. Lambert relative to case number 2:14CR00170-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision.

Prob12C
**Re: Lambert, Frank Glenn**
**August 19, 2020**
**Page 4**

According to PHS staff, Mr. Lambert failed to attend groups or individual counseling sessions on the above-listed dates. Staff also advised he has only been attending 50 percent of his groups and is in jeopardy of being unsuccessfully discharged.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 19, 2020

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
United States District Judge

August 20, 2020

Date